**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| TRUSTEES OF THE HEAT AND FROST INSULATORS AND ALLIED WORKERS LOCAL NO. 25 WELFARE FUND; TRUSTEES OF THE HEAT AND FROST INSULATORS AND ALLIED WORKERS LOCAL NO. 25 DEFINED BENEFIT PENSION FUND; TRUSTEES OF THE HEAT AND FROST INSULATORS AND ALLIED WORKERS LOCAL NO. 25 DEFINED CONTRIBUTION PENSION FUND; TRUSTEES OF THE HEAT AND FROST INSULATORS AND ALLIED WORKERS LOCAL NO. 25 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND; TRUSTEES OF THE HEAT AND FROST INSULATORS AND ALLIED WORKERS LOCAL NO. 25 APPRENTICESHIP TRAINING FUND; TRUSTEES OF THE INSULATORS INDUSTRY WIDE LABOR-MANAGEMENT COMMITTEE; TRUSTEES OF THE HEAT AND FROST INSULATORS AND ALLIED WORKERS LABOR-MANAGEMENT COOPERATIVE TRUST; AND LOCAL UNION NO. 25, INTERNATIONAL ASSOCIATION OF HEAT & FROST INSULATORS AND ALLIED WORKERS; | Case No.: <br> HON. <br> Magistrate Judge: |

Plaintiffs,

v.

FOUR SEASONS MECHANICAL INSULATION, INC., a Michigan Corporation,

Defendant.

| | |
|---|---|
| NOVARA TESIJA & CATENACCI, PLLC <br> ATTORNEYS FOR PLAINTIFFS <br> EDWARD J. PASTERNAK (P58766) <br> ALEX A. DOMBROW  (P82753) <br> 888 W. BIG BEAVER RD., SUITE 600 <br> TROY, MI 48084 <br> (248) 354-0380 <br> ejp@novaralaw.com <br> aad@novaralaw.com | |

# COMPLAINT

1

NOW COME Plaintiffs, by and through their attorneys, NOVARA TESIJA CATENACCI MCDONALD & BAAS, PLLC, and for their Complaint, state as follows:

1. The Trustees of the Heat and Frost Insulators and Allied Workers Local No. 25 Welfare Fund, Trustees of the Heat and Frost Insulators and Allied Workers Local No. 25 Defined Benefit Pension Fund, Trustees of the Heat and Frost Insulators and Allied Workers Local No. 25 Defined Contribution Pension Fund, Trustees of the Heat and Frost Insulators and Allied Workers Local No. 25 Supplemental Unemployment Benefit Fund, Trustees of the Heat and Frost Insulators and Allied Workers Local No. 25 Joint Apprenticeship Fund, Trustees of the Insulators Industry Wide Labor-Management Committee, and Trustees of the Labor-Management Cooperative Trust; (hereinafter "Funds") are each a jointly-trusted fund established pursuant to Section 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 186 and Sections 302 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sections 1132 and 1145, and bring this action on behalf of their individual participants.

2. Local Union No. 25, International Association of Heat & Frost Insulators and Allied Workers (hereinafter "Union" or "Local 85") is a labor organization, as defined in Section 451 of the National Labor Relations Act, 29

U.S.C. § 152 (5), with its principal place of business located at 21353 Bridge St., Southfield, MI 48033.

3.  Upon information, knowledge and belief Defendant, Four Seasons Mechanical Insulation, Inc. is a Michigan corporation (hereinafter referred to as "Company"), and its principal place of business is 4939 Cedar Lake Road, Howell, Michigan 48843.

4.  Jurisdiction of this Court is founded on Section 301(a) of the LMRA, as amended, 29 U.S.C. Section 185(a) and Sections 502 and 515 of ERISA, 29 U.S.C. Section 1132 and 1145, as amended by the Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA") and Federal common law.  This Court also has pendent jurisdiction of any state-law claims ancillary to the relief sought herein.

## COUNT I
## ERISA: DELINQUENT CONTRIBUTIONS

5.  Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 5 of their Complaint as fully set forth herein.

6.  Section 515 of ERISA provides that "every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not

inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

7. Section 502 of ERISA provides a federal forum for enforcement of the various duties imposed by ERISA, including, but not limited to, allowance of a lawsuit to enjoin any act which violates ERISA or to obtain other appropriate legal and equitable relief.

8. Pursuant to the collective bargaining agreement (hereinafter "CBA") between Company and the Union, Company agreed to make employee fringe benefit contributions and assessments to the Funds for each employee covered by the collective bargaining agreement, which are individuals in the appropriate bargaining unit who perform covered work ("Employees"), and to be bound by the terms and conditions set forth in the Funds' Trust Agreements (the "Trust Agreements"). Defendant has copies of all records within their files.

8. The Funds are third-party beneficiaries of the parties' collective bargaining agreement.

9. Company has violated both its contractual and statutory obligations by failing to make all of the fringe benefit contributions and assessments due on behalf of each Employee covered by the collective bargaining agreement and as incorporated in same, the relevant Trust Agreements.

11. As a result of Company's violations of its contractual and statutory obligations, Defendants have violated ERISA, the collective bargaining agreement and the relevant Trust Agreements.

12. Plaintiffs are entitled to all remedies under ERISA, including, but not limited to, payment of fringe benefit contributions owed, audit assessments, liquidated damages, attorneys' fees and costs.

13. At all relevant times, Defendant Company was bound to the parties' collective bargaining agreement, which includes, but is not limited to, the time period of April 2016 to the present.

15. The Funds have been damaged in an amount as found due by a September 15, 2020 audit in the amount of $585,570.78 covering the work months of April 2016 through December 2019 (see attached **Exhibit 1**).

WHEREFORE, Plaintiffs request that the Honorable Court grant the following relief:

    a. Enter a judgment in the Plaintiffs' favor against Company, in an amount of $585,570.78, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

    b. Order an updated audit of the Defendant to determine any additional amount due the Plaintiffs;

    c.    That jurisdiction of this matter be retained pending compliance with the Court's orders; and

    d.    Any such other, further or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

NOVARA TESIJA CATENACCI
MCDONALD & BAAS, PLLC

By: /s/Edward J. Pasternak

Edward J. Pasternak (P58766)

Alex A. Dombrow (P82753)
Attorneys for Plaintiffs
888 West Big Beaver Road, Suite 600
Troy, MI  48084
(248) 354-0380
ejp@novaralaw.com

Dated:  August 17, 2021